UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RICHARD PRICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEBORAH BARNES, et al.,<br><br>　　　　　Defendant. | No. 2:22-CV-0722-KJM-DMC-P<br><br>ORDER |

    Petitioner Richard Price filed a motion for reconsideration of the court's order dismissing his case. For the reasons described below, the court **denies** petitioner's motion.

    A motion for reconsideration or relief from judgment is appropriately brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F. 2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the time provided by that Rule]. *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (citations omitted). Because petitioner's motion for reconsideration was filed within twenty-eight days of the entry of judgment, this motion is considered under Rule 59(e).

    "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St.*

*Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and. . .why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

On July 25, 2022, the magistrate judge filed findings and recommendations, recommending petitioner's case be dismissed because petitioner failed to resolve his fee status. F&R, ECF No. 8.  The judge found the petitioner failed to prosecute the case and comply with court rules in not resolving this issue, even after being warned of a possible dismissal. *Id.* at 1. This court adopted the findings and recommendations on November 15, 2022.  Order, ECF No, 9. Petitioner then filed a motion for reconsideration.  Mot., ECF No. 11.

Petitioner's motion for reconsideration contains no new or different facts or circumstances this court may rely on.  Petitioner claims only the magistrate judge failed to set a hearing regarding petitioner's civil rights claims but does not raise any new evidence pertaining to his failure to prosecute. *See generally* Mot.  Thus, petitioner's motion has not met the standard under Rule 59(e) and the motion is **denied.**

IT IS SO ORDERED.

This order resolves ECF No. 11.

DATED: December 5, 2022.

CHIEF UNITED STATES DISTRICT JUDGE